Pérez, Appellant, *v.* Succession of Collado, Respondent.

Appeal from the District Court of Mayagüez.

Motion to dismiss appeal.

No. 980.—Decided April 24, 1913.

Appeal—Judgment—Construction of Law.—The generic term "decision" includes the specific term "judgment" and the period of fifteen days allowed

by subdivision 2 of section 295 of the Code of Civil Procedure is applicable
to judgments rendered by district courts in cases originating in municipal
courts.

ID.—Subdivision 2 of section 295 of the Code of Civil Procedure was not repealed
by the Act of March 11, 1908, governing appeals from judgments of muni-
cipal courts in civil actions.

ID.—JURISDICTION—DISCRETION.—As the provisions of law relative to the time
within which appeals may be taken affect the jurisdiction of courts they
must be strictly applied and are not subject to judicial discretion.

The facts are stated in the opinion.

*Mr. José Ramón Freyre* for petitioner.

*Mr. Benito Forés* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the
court.

Counsel for the Succession of Pedro Collado, defendant
and respondent herein, filed a motion in this court for the
dismissal of the appeal taken by Domitila Pérez Vilanova,
plaintiff, from a judgment of the District Court of Mayagüez
in a suit for the execution of á deed of sale of real property,
alleging therein that said appeal was taken after the expira-
tion of the period of 15 days fixed therefor in paragraph 2
of section 295 of the Code of Civil Procedure.

The aforesaid suit originated in the Municipal Court of
San Germán and on appeal to the District Court of Maya-
güez, where the case was tried *de novo,* a judgment was ren-
dered in favor of the defendant succession.   On March 8 last
past notice of said judgment was served on counsel for the
plaintiff; an appeal therefrom was·taken to this court on
April 3 of the present year.

The motion was opposed by the appellant on the ground
that the period of 15 days provided for in paragraph 2 of
section 295 of the Code of Civil Procedure relates to a judg-
ment rendered by a district court in·an appeal from a deci-
sion of an inferior court and not in an appeal from a judg-
ment of an inferior court, as in this case.

Such an interpretation is erroneous because the generic
term ''decision'' includes the specific term ''judgment,'' and
that specific term is what the said section properly refers to,

as appears from the English text thereof, wherein the word "judgment" is used, this being translated into Spanish by the word *resolución.*

It is further alleged by the adverse party that the provision of law contained in paragraph 2 of section 295 of the Code of Civil Procedure has been repealed by the Act of March 11, 1908, governing appeals from judgments of municipal courts in civil suits. Said allegation is not supported by the provisions of said act, wherein nothing is provided in regard to appeals taken to the Supreme Court from judgments rendered by district courts on trials *de novo* on appeal.

Counsel for appellant finally prays the court that inasmuch as he has acted in good faith the law be liberally construed and the motion overruled.

The legal provisions governing the jurisdiction of courts such as those relating to the term within which an appeal must be taken should be strictly applied and are not subject to the discretion of the courts.

The motion is sustained and the appeal dismissed.

*Appeal dismissed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.